IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NATHAN M.,**[1]

       Plaintiff,

  v.

**MARTIN O'MALLEY,** Commissioner of Social Security,

       Defendant.

Case No. 6:23-cv-374-SI

**OPINION AND ORDER**

Kevin S. Kerr, KERR ROBICHAUX & CARROLL LAW OFFICE, P.O. Box 14490, Portland, Oregon 97293, Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; and Edmund Darcher, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Blvd., Baltimore, MD 21235. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Nathan M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (Act). For the reasons below, the Court affirms the decision of the administrative law judge (ALJ).

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The decision of the ALJ is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation marks omitted).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff applied for SSI and DIB on December 11, 2020, alleging a disability onset date of May 23, 2020. AR 283. On January 14, 2021, he amended his disability onset date to June 30, 2017. AR 289. Plaintiff's date of birth is February 11, 1976, making him 41 years old on his alleged disability onset date. AR 402. Plaintiff alleged that he is unable to work due to a torn rotator cuff, shoulder issues, a wrist condition, back problems, high blood pressure, and chronic

pain, including nerve pain that goes from his shoulder to the wrist on the left side of his body. AR 333, 107. The agency denied Plaintiff's claim both initially and upon reconsideration, and Plaintiff requested a hearing. AR 76, 86, 94, 130. Plaintiff and his attorney representative appeared before an ALJ for a telephonic hearing on June 7, 2022. AR 31-52. The ALJ issued a decision denying Plaintiff's claim for benefits on August 31, 2022. AR 12-25. Plaintiff requested a review of the ALJ's decision, AR 271-72, which the Appeals Council denied. AR 1-6. The ALJ's decision thus became the final decision of the Commissioner and Plaintiff timely appealed pursuant to 42 U.S.C. § 405(g).

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098

PAGE 3 – OPINION AND ORDER

(9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

**C. The ALJ's Decision**

As a preliminary matter for Plaintiff's DIB claim, the ALJ determined that Plaintiff met the insured status as required under the Act through December 31, 2022. The ALJ then proceeded to the sequential analysis. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 30, 2017. AR 18. At step two, the ALJ found the following severe, medically determinable impairments: mild degenerative disc disease of the lumbar spine; status-post right shoulder repair with clavicle resection; bilateral shoulder bursitis/arthritis. AR 18. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1. AR 20. The ALJ then found that Plaintiff has the RFC to perform a range of light work, with the limitations that Plaintiff "can frequently balance, kneel, crouch, and crawl. He can frequently reach with the right dominant upper extremity." AR 20.

At step four, the ALJ found Plaintiff unable to perform any past relevant work. AR 23. At step five, the ALJ found Plaintiff had the ability to perform jobs that exist in significant numbers

in the national economy, specifically as a Collator Operator (DOT 208.685-010), Small Parts Assembler (DOT 706.684-022), and Routing Clerk (222.687-022). AR 24-25. The ALJ concluded that Plaintiff was not disabled under the Act from June 30, 2017, the alleged onset date, through August 31, 2022, the date of the ALJ's decision. AR 25.

## DISCUSSION

Plaintiff argues that the ALJ erred by finding consultative examiner Jason Johnston, P.A.'s medical opinion unpersuasive. For disability claims filed on or after March 27, 2017, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a). The 2017 regulations eliminated the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; see also *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the 2017 regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors

unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2-3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(b). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

PA Johnston examined Plaintiff on July 24, 2021. AR 658. He performed an objective exam, a neurological exam, and a musculoskeletal examination. AR 659-61. He observed that Plaintiff was in no acute distress, that Plaintiff demonstrated a "slow gait with slight right sided limp," had no palpable muscle spasms, had "5/5" strength, a positive right sided straight leg raise, positive left sided "empty can" test, that he was unable to squat or walk on his heels and toes, and pain that limited the exam. *Id.* Based on the examination results, PA Johnston assessed Plaintiff and determined he could spend four hours sitting, one hour standing, and 30 minutes walking with frequent breaks. AR 665. He assessed lifting and carrying limitations of one to two pounds frequently and five pounds occasionally. *Id.* He assessed Plaintiff with occasional bending limitations, occasional reaching limitations, and frequent squatting limitations. *Id.*

The ALJ found PA Johnston's opinion "less persuasive." AR 23. Specifically, the ALJ discounted PA Johnston's opinions about Plaintiff's ability to sit no more than four hours, stand no more than one hour, and walk no more than 30 minutes in an eight-hour day because those assessed limitations were inconsistent with PA Johnston's own examination findings. AR 23. Plaintiff argues that the ALJ reversibly erred by failing adequately to evaluate the supportability

of PA Johnston's opinion, and failing to address the consistency factor at all. The Court disagrees for several reasons.

First, the ALJ sufficiently evaluated the supportability of PA Johnston's opinion by citing several of PA Johnston's own examination findings that did not back up the opinion. The supportability factor requires the ALJ to evaluate the relevant objective medical evidence and the supporting explanations a medical source provides for their opinions. 20 C.F.R. § 404.1520c(c)(1); *Ford v. Saul,* 950 F.3d 1141, 1154 (9th Cir. 2020). Objective medical evidence includes clinical signs and diagnostic findings. *See* 20 C.F.R. § 404.1502(c), (f), (g). The ALJ dismissed PA Johnston's mobility restrictions because his examination findings showed "full range of motion in his back, intact cranial nerve function, normal tandem walking, no balance problems, no joint swelling, erythema, effusion, tenderness, or deformity, as well as five out of five motor strength, with intact sensation, reflexes, and muscle tone. AR 23. The ALJ reasonably determined that these objective findings stand in contrast to the significant limitations PA Johnston imposed in his opinion. *Id.* (citing AR 665, where PA Johnston concluded Plaintiff could only lift a few pounds, stand one hour per workday, walk a total of 30 minutes, and sit for four hours).

Second, the only evidence PA Johnston relied upon to determine Plaintiff could not perform exercises like squatting and heel-toe walking was Plaintiff's reported pain. AR 661. PA Johnston relied on Plaintiff's inability to do these exercises when formulating an opinion about Plaintiff's ability to sit, stand, walk, and lift. AR 665. "If a treating provider's opinions are based . . . on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quotation marks omitted). Earlier in the opinion the ALJ discounted Plaintiff's allegations that pain limited his ability to sit, walk, and lift because those

PAGE 7 – OPINION AND ORDER

allegations were not supported by the medical record AR. 21. Plaintiff does not contest this finding. It was reasonable for the ALJ to likewise discount PA Johnston's opined limitations on Plaintiff's ability to sit, walk, and lift because those limitations were based only on Plaintiff's allegations of pain. Ultimately, the ALJ adequately evaluated the supportability of PA Johnston's opinion and supported the conclusion that it was unpersuasive with substantial evidence. 20 C.F.R. § 404.1502c.

Third, Plaintiff argues substantial evidence does not support the ALJ's decision to discount PA Johnston's opinion because the ALJ "cherry-picked" irrelevant findings and omitted other supporting evidence in the record. Plaintiff points to evidence that his "slow gait with right sided limp and positive right-sided straight leg raising test" reasonably support PA Johnston's limitations to sitting no more than four hours, standing no more than one hour, and walking no more than 30 minutes in an eight-hour day. AR 665. He also argues the ALJ's reliance on evidence of strength and flexibility do not undermine limitations based on his "spinal stenosis or bilateral shoulder arthritis." ECF 8 at 7. Plaintiff, however, is asking the Court to re-weigh the evidence, and place more emphasis on medical records that support his preferred outcome. This is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—Plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, the ALJ reasonably relied on conflicting medical evidence and a lack of other support in the medical record when discounting PA Johnston's opinion for lack of supportability.

Finally, on the second factor, the ALJ erred when she failed to consider the consistency of PA Johnston's opinion with other record evidence, but the error is harmless. An opinion's

PAGE 8 – OPINION AND ORDER

persuasiveness is a function of its consistency with "evidence from other medical sources and nonmedical sources in the claim," which the ALJ must consider when evaluating medical opinions. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *Woods*, 32 F.4th at 792. The ALJ did not address whether PA Johnston's opinion was consistent with evidence from any other source. AR 23. The Commissioner argues the ALJ's consideration of consistency is "clearly evident from her overall analysis of the opinion evidence." ECF 10 at 5-6.

      The Commissioner is obligated to explain the consistency factor. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (providing that the agency "*will explain* how [the ALJ] considered the . . . consistency factor[] for a medical source's medical opinions . . . in [a claimant's] determination or decision." (emphasis added)); *see also Woods*, 32 F.4th at 792 (alterations in original) (citations omitted) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source and 'explain how [it] considered the supportability and consistency factors' in reaching these findings."). There may be circumstances, however, where an ALJ does not use the appropriate word "consistency" or "supportability" but the "meaning . . . is clear from context" and can be upheld. *See Woods*, 32 F.4th at 793 n.4 (accepting the ALJ's consistency analysis even though the ALJ used the term "not supported by"). District courts in the Ninth Circuit regularly accept discussions that do not use the precise terminology, but contain the necessary substance to satisfy the regulatory definitions. *See, e.g.*, *Cano v. Comm'r of Soc. Sec. Admin.*, 2023 WL 8614393, at *7 (D. Ariz. Dec. 13, 2023); *Tammy A. v. Comm'r, Soc. Sec. Admin.*, 2023 WL 5426573, at *6 (D. Or. Aug. 22, 2023); *Christopher L. v. Comm'r of Soc. Sec.*, 2023 WL 3168615, at *3 (W.D. Wash. May 1, 2023); *Brooker v. Kijakazi*, 2022 WL 3152664, at *8-9 (D. Mont. Aug. 8, 2022).

      The closest the ALJ comes to doing the required analysis, however, is finding PA Johnston's opinion "less persuasive" (instead of unpersuasive) as compared to the two state

agency medical consultants, whose opinions the ALJ found persuasive. AR 23. But the fact the ALJ endorsed other medical opinions elsewhere in the record does not live up to the promise that the agency will consider consistency. Failure to address the consistency factor is error. The Court finds that the ALJ failed to make any meaningful consistency finding when evaluating PA Johnston's opinions, and therefore erred.

This error was harmless, however, because the ALJ's conclusion that PA Johnston's opinion lacked support in the record was a sufficient basis to discount it. In *Woods*, the Ninth Circuit affirmed an ALJ's rejection of a medical opinion for its inconsistency with the record, even though the ALJ failed to make an explicit supportability finding. 32 F.4th at 793 & n.4. Similarly, here. Although the ALJ failed to do the required consistency analysis, substantial evidence supports the ALJ's finding that PA Johnston's opinion lacked support in the record and was therefore unpersuasive. AR 23, 661-65. The ALJ reasonably identified conflicting evidence in PA Johnston's own exam and a lack of other corroborating objective evidence to support PA Johnston's opined limitations, and the Court will not disturb the ALJ's conclusion on review.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled and DISMISSES this case.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge